UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGEL ROJO, an Individual, on behalf of himself, all others similarly situated, and on behalf of the general public as Private Attorneys General<br><br>Plaintiff,<br><br>v.<br><br>ROOFLINE, INC., a Texas Corporation, A TEXAS CORPORATION, ROOFLINE SUPPLY & DELIVERY, a California Corporation, and DOES 1 through 250,<br><br>Defendants. | No. 2:20-CV-01526-WBS-DB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT ROOFLINE INC.'S MOTION TO DISMISS PLAINTIFF'S TENTH CAUSE OF ACTION, OR IN THE ALTERNATIVE TO STAY |

----oo0oo----

Plaintiff Angel Rojo ("plaintiff" or "Rojo") brought this action against Defendants Roofline Inc., Roofline Supply & Deliver, and Does 1 through 250, ("defendants" or "Roofline") seeking damages related to Fair Employment and Housing Act ("FEHA") retaliation, disability discrimination, failure to

1

accommodate, wrongful termination, and violations of wage and hour laws.

Plaintiff's Tenth Cause of Action is a representative claim on behalf of himself and other aggrieved employees to recover civil penalties under the California Private Attorneys' General Act ("PAGA") based on the alleged denial of meal and rest breaks. (See generally Compl.) (Docket No. 1, Ex. A.) In the motion presently before the court, defendants seek to dismiss or in the alternative to stay that cause of action. ("Mot. to Dismiss") (Docket No. 4.)

I. Motion to Dismiss under Rule 12(b)(6)

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against [their] employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going towards the state." Sakkab v. Luxottica Retail N. Am., Inc., 804 F.3d 425, 429 (9th Cir. 2015). The employees bringing the action do so as agents or proxies of the state's labor law enforcement agencies. See id. at 435. "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348, 381 (2014).

Federal Rule 12(b)(6) allows a defendant to assert a defense by motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's

2

favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Defendants contend that plaintiff is barred from pursuing his PAGA cause of action because a substantially similar suit pursuing the same PAGA claims on behalf of the same group of employees is pending in state court. See Sifuentes v. Roofline, Inc., Case No. 34-2019-00269947-CU-OE-GDS (Sacramento Sup. Ct., filed Nov. 27, 2019) ("Sifuentes action").[1] The plain language of California Labor Code § 2699(h) bars an employee from bringing a PAGA action when the LWDA has cited an employer or pursued action against them. See Tan v. Grubhub, Inc., 171 F. Supp. 3d 998, 1012 (N.D. Cal. 2017). However, the statute is silent with respect to whether an employee may bring a PAGA action when another private plaintiff has already sued the employer in a

---

[1] Defendants request that the court take judicial notice of three documents. (See generally RJN.) These documents are: (a) a true and correct copy of the First Amended Complaint in Sifuentes v. Roofline, Inc., Case No. 34-2019-00269947-CU-OE-GDS (Sacramento Sup. Ct., filed Nov. 27, 2019; First Am. Compl. filed July 8, 2020), (b) the November 27, 2019 Notice under Cal. Lab. Code § 2699.3 filed by Sifuentes with the California Department of Industrial Relations and (c) a copy of the May 8, 2020 stipulation and the Sacramento Superior Court's June 22, 2020 order permitting Sifuentes to file a First Amended Complaint. Plaintiff has not objected. Accordingly, the court grants the defendants' request for judicial notice of documents from the Sifuentes proceedings in state court and from the LWDA.

1  representative capacity.  See id.

2  Defendants have not cited a single case that bars
3  successive suits by different employees.  Defendants principally
4  rely on dicta in Stafford v. Dollar Tree Stores, Inc., No. 13-cv-
5  1187 KJM CKD, 2014 WL 6633396, at *3 (E.D. Cal. Nov. 21, 2014)
6  and Brown v. Ralph's Grocery Co., 197 Cal. App. 4th 489, 501 (2nd
7  Dist. 2012).  These cases note that California Labor Code §
8  2699(h) prohibits an action by an aggrieved employee when the
9  agency or any of its divisions or employees are directly pursuing
10 enforcement against the employer on the same facts and theories
11 under the same section(s) of the Labor Code.  See Cal. Lab. Code
12 § 2699(h).  But, as the Tan court observed, the issue at bar here
13 was not raised in these cases nor do they explain why the section
14 "should be read to include deferring a suit by private plaintiffs
15 when the statutory language makes no such provision."  Tan, 171
16 F. Supp. 3d at 1012.

17 Here, the LWDA has not appeared in either case, nor
18 does it appear to have independently pursued an action against
19 Roofline based on the same facts and theories at issue.  A
20 different analysis would be required if a judgment had been made
21 in the Sifuentes action, as it could be argued that such a
22 judgment would be binding on government agencies and any
23 aggrieved employee not a party to the proceeding.  However, the
24 mere pendency of the Sifuentes action does not bar plaintiff's
25 PAGA cause of action.  Accordingly, the court will deny the
26 motion to dismiss.
27 II.  Stay of PAGA Cause of Action
28 Defendants additionally contend that the court should

dismiss or stay plaintiff's tenth cause of action under PAGA pursuant to the abstention doctrine set forth in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), due to the greater progress of Sifuentes' state-court action.[2]  (<u>See</u> Mot. to Dismiss at 6-9.)  Because the court will stay plaintiff's tenth cause of action pursuant to its inherent authority to control the disposition of the cases on its docket, the court need not delve into the parties' arguments under the <u>Colorado River</u> doctrine.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  District courts ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005). Consideration of such a stay calls for "the exercise of judgment

---

[2]  Defendants argue that "[i]t is well accepted that a party may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss or stay an action pursuant to the <u>Colorado River</u> doctrine."  (Mot. to Dismiss at 3.)  The cases that defendants cite for this proposition do not support this point.  <u>See, e.g.</u> <u>Fireman's Fund Ins. Co. v. Quackenbush</u>, 87 F.3d 290, 298 (9th Cir. 1996); <u>Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.</u>, 84 F.2d 1253, 1261 (9th Cir. 1988); <u>Robinson v. Nestle Waters N. Am., Inc.</u>, Case No. CIV-S-11-856-LKK/KJN, 2011 WL 2174375 (E.D. Cal. June 1, 2011).  Those cases discuss dismissal under <u>Colorado River</u>, but do not hold that moving to dismiss under <u>Colorado River</u> constitutes a 12(b)(1) motion.  A motion to dismiss under Rule 12(b)(1) seeks dismissal of an action over which a court lacks subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(b)(1).  In contrast, the <u>Colorado River</u> doctrine applies where the court has jurisdiction over the matter but is declining or postponing the exercise of this jurisdiction.  <u>See</u> <u>Colorado River</u>, 424 U.S. at 817.

which must weigh competing interests and maintain an even balance." See Landis, 299 U.S. at 254-55.  Here, plaintiff's case was only filed in this court very recently, in late July of 2020.  ((See generally Compl.)  From the limited information that the court has received from defendants in their motion and at oral argument, the Sifuentes action appears to be proceeding regularly in state court.  Plaintiff's counsel has provided no persuasive reason why the PAGA claim in this case should go forward before completion of the Sifuentes action.  Due to the progress of the Sifuentes action in state court, this court concludes it is in the best interest of judicial economy to stay plaintiff's tenth cause of action in this action pending a determination of the PAGA claims in the Sifuentes action.

      IT IS THEREFORE ORDERED that defendants' motion to dismiss pursuant to 12(b)(6) (Docket No. 4) be, and the same hereby is, DENIED.

      IT IS FURTHER ORDERED THAT the Tenth Cause of Action of the Complaint is hereby STAYED pending the resolution of Sifuentes v. Roofline, Inc., Case No. 34-2019-00269947-CU-OE-GDS, in the Superior Court of the State of California, in and for the County of Sacramento.  This Order does not affect the remaining causes of action of the Complaint.

      The parties shall file a joint status report within 14 days after the resolution of Sifuentes v. Roofline, Inc.  Should the resolution of the Sifuentes case not dispose of plaintiff's tenth cause of action, the parties' joint status report shall set forth an agreed proposed date for a status conference and agreed proposed deadlines, including for any motion to dismiss by

defendants.

    IT IS SO ORDERED.

Dated: September 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE